106 F.3d 424
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re RESMED LIMITED, Petitioner.
 Misc. No. 487.
 United States Court of Appeals, Federal Circuit.
 Dec. 13, 1996.
 
 Before LOURIE, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 ON PETITION FOR WRIT OF MANDAMUS
 ORDER
 CLEVENGER, Circuit Judge.
 
 
 1
 ResMed Limited petitions for a writ of mandamus to direct the United States District Court for the Western District of Pennsylvania to issue a protective order, directing Respironics, Inc. to return certain documents to ResMed and precluding discovery concerning those documents. Respironics opposes. ResMed moves for leave to file a reply, with reply attached.
 
 BACKGROUND
 
 2
 The parties are competitors in the field of manufacturing and selling devices related to the treatment of obstructive sleep apnea. During the course of merger discussions, ResMed and Respironics entered into a confidentiality agreement concerning the exchange, use, and return of confidential business information. In conjunction with the discussions, ResMed disclosed certain documents to Respironics. The discussions did not result in a merger agreement.
 
 
 3
 ResMed filed a patent infringement suit in the Southern District of California and Respironics filed a declaratory judgment action in the Western District of Pennsylvania. After the cases were consolidated in the Pennsylvania district court, Respironics informed ResMed that it had found an unreturned copy of the documents disclosed to it during merger discussions and filed a notice of deposition in connection with those documents. In response, ResMed requested that Respironics return the documents and moved for a protective order.
 
 
 4
 The magistrate assigned to the case denied ResMed's motion after a thorough analysis of the parties' arguments. The magistrate acknowledged that he "had taken an unconscionably long time to decide [ResMed's] motion. One of the reasons for this is that the court perceives the issue presented to be pregnant with serious policy questions," which the magistrate summarized as sanctioning the breach of the confidentiality agreement by permitting the proposed discovery versus the practice of allowing a party who sues for patent infringement to withhold certain documents from discovery. The magistrate stated that although it was clear that Respironics had breached the confidentiality agreement, ResMed did not contend "that it ought to be permitted to withhold, totally and forever, the documents and related discovery." Instead, according to the magistrate, ResMed argued that the contents of the documents were barred from discovery as subject both to the attorney-client privilege and the privilege afforded by the attorney work-product doctrine.
 
 
 5
 The magistrate determined that ResMed's disclosure of the documents to Respironics during the merger discussions constituted a waiver of the privileges and that the only exception to waiver that might even arguably apply, the common interest exception, was not applicable. Under that exception, disclosure of privileged information to a third party is not a waiver of any privilege if the nature of the parties' interest is identical, not similar, and is legal, not solely commercial. See In re Regents of the Univ. of Cal., Misc.Doc. No. 471, slip op. at 7-8 (Fed.Cir. Nov. 14, 1996) (citing Duplan Corp. v. Deering Milliken, Inc., 397 F.Supp. 1146, 1172 (D.S.C.1974)). The magistrate determined that it could not be said that the parties' interest was legal, not solely commercial, observing that the parties were commercial competitors and legal adversaries in earlier litigation. The district court affirmed the magistrate's order on October 4, 1996. This petition followed.
 
 DISCUSSION
 
 6
 The remedy of mandamus in available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking such a writ bears the burden of proving that it has no means of attaining the relief desired, Mallard v. United States Dist. Court of the S. Dist. Of Iowa, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980).
 
 
 7
 ResMed's principal contention is that the district court did not properly consider whether Respironics' breach of the confidentiality agreement precluded Respironics from retaining and using the documents in discovery. It appears, however, that the resolution of that argument was not the basis for the magistrate's recommendation.
 
 
 8
 Although stating that Respironics had breached the confidentiality agreement, the magistrate noted that ResMed did "not argue--or if it does that argument is unpersuasive--that it ought to be permitted to withhold, totally and forever, the document and related discovery. Rather [ResMed] argues it ought to be permitted to assert and argue its privilege objections to the contents of the document." The magistrate discussed ResMed's argument that the attorney-client and work product privileges applied. The magistrate concluded correctly that under controlling law the voluntary disclosure of privileged communications to a third party is inconsistent with an assertion of the attorney-client privilege. See Westinghouse v. Republic of the Philippines, 951 F.2d 1414, 1424 (3d Cir.1991). Concerning the privilege afforded by the attorney work-product doctrine, the magistrate concluded correctly that a disclosure that enables an adversary to gain access to information waives any privilege falling thereunder. See id. at 1428. The magistrate determined that ResMed had made a full and voluntary disclosure of the documents and had waived the privileges.
 
 
 9
 The magistrate turned next to an analysis of whether the common interest exception applied, determining that it could not be said that the parties' interest was legal, not solely commercial. ResMed objects to the magistrate's characterization of the parties' relationship as being adversarial. ResMed does not address, however, the magistrate's determination that the parties' interest was commercial.
 
 
 10
 After carefully reviewing ResMed's papers, we conclude that ResMed's argument is really one of equity: It was unfair for the district court not to issue a protective order in view of Respironics' breach of the confidentiality agreement. Indeed, the magistrate viewed the matter as one involving the balancing of competing policy questions as applied to the facts of the case. The decision whether to grant a protective order falls within the decision maker's discretion. See Kerr v. United States Dist. Ct. for the N. Dist. of Cal., 426 U.S. 394, 403 (1976); American Standard Inc. v. Pfizer Inc., 828 F.2d 734, 739 (Fed.Cir.1987). "Where a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.' " Allied Chemical, 449 U.S. at 36. See also 4 James Wm. Moore et al., Moore's Federal Practice p 26.37[9.-3] (2d ed. 1996) ('mandamus will not ordinarily lie as a means for appellate review of discovery orders"). Although discovery orders are subject to mandamus in exceptional circumstances, we conclude that such circumstances do not exist in this case. See Allied Chemical, 449 U.S. at 36. In other words, ResMed has not established that its right to the issuance of a writ is clear and indisputable.
 
 
 11
 Accordingly,
 
 IT IS ORDERED THAT:
 
 12
 (1) ResMed's petition is denied.
 
 
 13
 (2) ResMed's motion for leave to file a reply is granted.